UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSE DAVID ROMERO,<br><br>                         Petitioner,<br>      vs.<br>JAMES E. TILTON, et. al.,<br>                         Respondent. | Civil No.      1:06-1866 JLS (JMA)<br><br>**ORDER:**<br><br>**GRANTING REQUEST FOR CERTIFICATE OF APPEALABILITY [doc. no. 28]** |

## I.    INTRODUCTION

Petitioner, Jose David Romero, filed a Petition for Writ of Habeas Corpus in the United States Court for the Eastern District of California on December 22, 2006, and an Amended Petition on February 6, 2008. (*See* Doc. Nos. 1, 10.) On November 25, 2008, the matter was transferred to this Court. (*See* Doc. No. 22.) The petition was denied in an Order filed May 26, 2009. (*See* Doc. No. 24.) Thereafter, Romero filed a Motion For a Certificate of Appealability. (*See* Doc. No. 28.)

## II.    APPLICABLE STANDARDS

A Certificate of Appealability ("COA") is required pursuant to 28 U.S.C. § 2253 before a petitioner can pursue an appeal. A COA will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (after April 24, 1996, right to appeal is governed by COA requirements of 28 U.S.C. § 2253(c)).

When a district court has rejected constitutional claims on the merits, a "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that "the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart,* 220 F.3d 1022, 1025 (9th Cir. 2000), (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) and *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)) (internal quotation marks omitted). However, the analysis becomes more complicated when a district court has rejected a habeas petition based on procedural grounds. *Lambright,* 220 F.3d at 1026; *Slack*, 529 U.S. at 484. In that case, a petitioner must show, not only that reasonable jurists would find debatable whether the petition states valid constitutional claims, but also that reasonable jurists would find the district court's *procedural ruling* debatable. *Lambright*, 220 F.3d at 1026; *Slack*, 529 U.S. at 484. Thus, COA requests pertinent to dismissals on procedural grounds have two components; one directed at the underlying constitutional claim and one directed at the procedural ruling. *Slack,* 529 U.S. at 484–85.

The standard for gaining permission to appeal must not be conflated with the standard for granting a petition for writ of habeas corpus, that is, a petitioner does not have to show that he should prevail on the merits. *Lambright*, 220 F.3d at 1025 (quoting *Barefoot,* 463 U.S. at 893 n.4). The COA is merely a mechanism that prevents waste of judicial resources on frivolous issues lacking the full briefing and argument of the potential merit of the issues. *Lambright*, 220 F.3d at 1025.

**III.     ROMERO'S REQUEST FOR CERTIFICATE OF APPEALABILITY**

Romero's habeas petition challenged his conviction for the first degree murder of Donald Hunter during the commission of a felony (robbery, kidnapping, and car-jacking) by a group of individuals, one of whom was Romero. Romero maintained that he was unaware of Hunter's presence in the back of the covered truck throughout the time he became involved in the transportation of the vehicle to a remote location where it was stripped and Hunter eventually shot and burned. Thus, he argued he lacked the knowledge and intent necessary to support the murder conviction. He has asked this Court to grant a COA on five issues: (1) whether the prosecutor and defense counsel misrepresented the crime's timeline; (2) whether trial counsel was ineffective in failing to object to inadmissible hearsay; (3) whether the prosecutor exhibited misconduct by implying that a key witness did not testify because he was afraid of Romero; (4) whether judicial error and ineffective assistance of counsel resulted in

incorrect or incomplete jury instructions; and (5) whether the trial court erred in dismissing a robbery count. The Court finds Romero has made a "substantial showing of the denial of a constitutional right" with regard to all of his claims warranting the issuance of a COA.

### A. *Misrepresentation of timelime*

Romero first argues the prosecutor purposely misrepresented or manipulated the evidence at trial by extending the time at the final crime scene from at most 15 minutes to over an hour, making it seem impossible that Romero could remain ignorant of Hunter's presence. He further claims his counsel was ineffective for failing to object to this misconduct and for using the same prejudicial timeline in closing arguments. Romero contends he was thus denied his due process right to a fair trial.

This Court found Romero had defaulted his claim of prosecutorial misconduct for failure to object to it at trial. This led to an analysis of wether the claims could nevertheless be addressed under the "cause and prejudice" or "fundamental miscarriage of justice" exceptions to procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)); *see also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005) (A federal habeas court may review a petitioner's defaulted claims if the petitioner "can demonstrate *cause* for the default and *prejudice* as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a *fundamental miscarriage of justice*.") (emphasis added).

The cause and prejudice prong of the analysis rested on Romero's claim that his counsel was ineffective in failing to object to the prosecutor's alleged misconduct. *See McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991) (acceptable objective factors that would constitute cause for procedural default include constitutionally ineffective assistance of counsel under the Sixth Amendment). This Court applied *Strickland v. Washington,* 466 U.S. 668 (1984) in holding that the failure to object to the prosecutor's presentation of the timeline was attributable to a reasonable tactical decision by defense counsel that did not amount to ineffective assistance, and accordingly could not support an exception to procedural default. *Strickland*, 466 U.S. at 688-689 ("Judicial scrutiny of counsel's performance must be highly deferential," and adopt a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'.")

(internal citations omitted).

The fundamental miscarriage of justice exception required this Court to assess whether Romero's case was the type of "extraordinary case, where the constitutional violation [had] probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496; *see* also *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995); *see also Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008) (citing *Majoy v. Roe*, 296 F.3d 770, 776 (2002) ("a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (internal quotation marks and citations omitted)). Considering all the evidence, this Court could not say it was more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt had the alleged prosecutorial misconduct not occurred. *Johnson,* 541 F.3d at 933. Thus, the Court held Romero had failed to show "actual innocence" and, in turn, a miscarriage of justice exception to the procedural bar.

The cause and prejudice and miscarriage of justice exceptions required that the Court spend considerable time examining the entire trial record and engaging in a multiple level legal analysis. Thus, the Court believes Romero has made the necessary two-step "substantial showing of the denial of a constitutional right" applicable to procedural rulings by this Court. Romero has shown, through full briefing and argument, that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong, and that reasonable jurists would find the district court's *procedural ruling* debatable. *Lambright*, 220 F.3d at 1026–27. The constitutional claims were necessarily analyzed in the discussion of the possible exemptions to procedural default. A COA with regard to this claim is **GRANTED**.

### B. *Failure by defense counsel to object to inadmissible hearsay*

Romero argues that his counsel should have objected to evidence from the police officer who interviewed him about his participation in the crime. The officer's testimony included confronting Romero with statements made by others that showed: (1) Romero was implicated by others as being involved in the murder; (2) Romero had been identified in a photo line-up; (3) Romero had admitted his involvement to other people; and (3) Romero had joked about the murder. Additionally, Romero ties in a claim that the testimony violated his rights under the Confrontation Clause. In an extensive review

of the record, this Court determined that defense counsel strategically used the officer's testimony to elicit exculpatory evidence on behalf of Romero. Thus, the Court concluded the lack of objection was due to reasonable trial strategy, and that the admission of hearsay testimony does not violate the Confrontation Clause when defense counsel uses the same testimony for exculpatory purposes. *See Strickland*, 466 U.S. at 688–89; *see also United States v. Peeper*, 685 F.2d 328, 329 (9th Cir. 1982).

Romero has presented full briefing and argument of the potential merit of this issue. *Lambright,* 220 F.3d at 1025. The Court believes that under this claim, Romero has made a "substantial showing" that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Id.* A COA for this claim is also **GRANTED**.

### C. *Prosecutorial misconduct*

Although Romero ties this claim in with the one above, it is distinct enough for the Court to treat it separately. The interviewing officer's testimony included evidence from an individual who was significant in implicating Romero but who was not brought in to trial to testify. Romero contends the prosecutor implied, in closing argument, that this person did not testify because he feared retribution from Romero, which was tantamount to beyond-the-record evidence of Romero's guilt.

Together with the prosecutorial misconduct claim regarding misrepresentation of the timeline, as discussed above, the Court found Romero had defaulted this claim regarding the witness absence, for failure to object to it at trial. The Court reviewed Romero's claim of the denial of constitutional due process and right to a fair trial to assess whether the cause and prejudice or miscarriage of justice exceptions applied, again as discussed above.

Upon a reading of the exact portion of the prosecutor's closing argument to which Romero takes objection, it seemed to the Court that the prosecutor was not implying that the witness may have been afraid of Romero but of being accused and charged of an offense if he came forward to testify under oath. The Court also viewed the impact of the prosecutor's statements in light of comments to the jury from both the trial court and prosecutor that closing arguments were not to be considered as evidence. The Court believed this served to neutralize any prejudice that may have resulted from the prosecutor's statements. *See United States v. Parker*, 549 F.2d 1217, 1222 (9th Cir. 1977) ("Improprieties in counsel's arguments to the jury do not require a new trial unless they are so gross as probably to

prejudice the defendant, and the prejudice has not been neutralized by the trial judge.") Moreover, the Court noted the prosecutor's statement was invited by or responsive to defense counsel's suggestion that the reason why the witness was not called to testify was because his statements to police were fabricated. *Jeffries v. Blodgett,* 5 F.3d 1180, 1192 (9th Cir. 1993). Finally, by putting the prosecutor's statement in context, the Court observed that its effect on the trial as a whole was only to provide reasons for why the witness did not testify, not to create an image of Romero as someone of whom one should be afraid. *Darden v. Wainwright*, 477 U.S. 168, 182 (1986); *see also Jeffries,* 5 F.3d at 1192 (comment was single, isolated incident of rebuttal, not an extensive tactic by prosecution). Viewing all the evidence as a whole, the Court could not see a cause and prejudice exception or say it was more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt had the alleged instance of prosecutorial misconduct not occurred. *Johnson,* 541 F.3d at 933.

Romero has provided sufficient briefing and argument of the potential merit of this issue. *Lambright*, 220 F.3d at 1025. Accordingly, the Court believes Romero has made the necessary two-step "substantial showing of the denial of a constitutional right" applicable to procedural rulings by this Court. Romero has shown that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong, and that reasonable jurists would find the district court's *procedural ruling* debatable. *Id.* at 1026–27. A COA for this claim is **GRANTED**.

### D. *Insufficient jury instructions*

Romero seeks further review of his claim that the trial court erred in failing to give pinpoint instructions on his theory of the case and that his counsel was ineffective in failing to request such instructions. He contends the instructions did not inform the jury that: (1) the prosecution had to prove he was aware of the victim's presence to be guilty of any of the predicate felonies; (2) that he had to specifically intend the "force or fear" element of all the predicate felonies; and (3) that if he stole property without the force or fear element, then he only committed a theft and could not be guilty of murder in the commission of a robbery.

This Court read and considered the jury instructions as a whole, and viewed them together with Romero's presentation of his case at trial. *Estelle,* 502 U.S. 72 (the significance of an omitted instruction should be evaluated by comparing it to the instructions that were given); *see also Bashor*

1  *v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984) ("The criminal defendant is [] entitled to adequate
2  instructions on his or her theory of defense."); *Harmon v. Marshall*, 69 F.3d 963, 965 (9th Cir. 1995)
3  (citing *In re Winship*, 397 U.S. 358, 364 (1970)) (a defendant has a constitutional right to have the jury
4  find the existence of each element of a charged offense beyond a reasonable doubt).  The Court
5  concluded that additional instructions were not necessary and would have been an exercise in semantics
6  rather than substantive law.  Thus, the Court also found defense counsel was not deficient in failing to
7  request further or alternate instructions.  *Strickland,* 466 U.S. at 688–89.

8  This Court's decision was based on a thorough evaluation of the evidence presented at trial and
9  the theory of defense.  The Court believes that under this claim, Romero has again made a "substantial
10 showing" that reasonable jurists would find the Court's assessment of the constitutional claim debatable
11 or wrong.  *Lambright,* 220 F.3d at 1025.  A COA for this claim is also **GRANTED**.

12 **E.  *Dismissal of robbery count***

13 Romero was charged in the information with one count of first degree murder, with three felony
14 murder special circumstance allegations, and one count of second-degree robbery.  The special
15 circumstance allegations were robbery, kidnapping, and carjacking.  Upon the close of all evidence, and
16 after Romero's co-defendant pled guilty to robbery, the court granted the prosecutor's request to dismiss
17 the robbery count against Romero.  Romero claims that the trial court's dismissal of the robbery count
18 prior to closing arguments was an "ambush" of his "risky" theory of defense which was that he was not
19 completely innocent but only guilty of a theft, based on his lack of knowledge of the presence of a
20 victim.  He argues the dismissal of the robbery count and its lesser-included theft counterpart rendered
21 the jury's verdict unreliable because it was left with an "all-or-nothing" choice of either finding him
22 guilty of felony murder or acquitting him completely in spite of his defense that he was not completely
23 innocent.

24 This Court was of the opinion that there was no error for two reasons.  First, it was noted that
25 the jury instructions for felony murder required knowledge of a victim, thus reflecting Romero's lack
26 of knowledge defense.  Second, the Court stated that even if the trial court erred in dismissing the
27 robbery count, Romero would still need to prove he suffered "actual prejudice" to be granted relief.  The
28 Court then concluded Romero had not proved the jury convicted him of felony murder despite believing

he was guilty only of theft. See *Bartlett v. Alameida*, 366 F.3d 1020, 1024 (9th Cir. 2004) citing *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (constitutional error discovered on habeas appeal requires reversal of underlying conviction only if the error "had substantial and injurious effect or influence in determining the jury's verdict").

Once again, this claim required an extensive reading of the record, is intertwined with Romero's claim that the jury instructions were insufficient as to intent and knowledge, and involves the first-time application of reasoning employed in two Supreme Court cases to this particular set of facts. Thus, the Court believes that under this claim, Romero has again made a "substantial showing" that reasonable jurists would find the Court's assessment of the constitutional claim debatable or wrong. *Lambright,* 220 F.3d at 1025. A COA for this claim is **GRANTED**.

**IV.   CONCLUSION**

Romero's request for a COA is **GRANTED** as to all claims.

**IT IS SO ORDERED.**

DATED: August 14, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge